OPINION
On March 3, 1990, the Morrow County Grand Jury indicted appellant, William Glen Smith, on twenty-two counts of rape in violation of R.C.2907.02. Said charges arose from incidents involving appellant's daughter at age twelve through fifteen and her friend at age fifteen.
On September 10, 1990, appellant pled guilty to four counts of the lesser included offense of attempted rape in violation of R.C. 2923.02. The remaining counts were dismissed. By journal entry filed October 19, 1990, the trial court sentenced appellant to five to fifteen years in prison.
On February 22, 2001 and March 2, 2001, hearings were held to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. By judgment entry filed March 20, 2001, the trial court classified appellant as a "sexual predator."
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ERRED WHEN IT ADMITTED THE HEARSAY DOCUMENTS ATTACHED TO THE STATE'S MEMORANDUM FOR ANY REASON AND USED THEM TO MAKE A SEXUAL PREDATOR DETERMINATION.
 II. THE TRIAL COURT ERRED WHEN IT FOUND DEFENDANT TO BE A SEXUAL PREDATOR BY CLEAR AND CONVINCING EVIDENCE AND THE PRESUMPTION USED BY THE TRIAL COURT TO MAKE IT'S DETERMINATION WAS IN ERROR.
 I
Appellant claims the trial court erred in admitting hearsay documents attached to the state's memorandum. We disagree.
The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173 . In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Furthermore, in State v. Cook (1998), 83 Ohio St.3d 404, 425, the Supreme Court of Ohio held the following:
 Evid.R. 101(C) excepts application of the Rules of Evidence, including the hearsay rule, from certain proceedings, such as miscellaneous criminal proceedings. Among those listed as specifically excepted from the Rules of Evidence are proceedings for extradition or rendition of fugitives; sentencing; granting or revoking probation; issuance of warrants for arrest, criminal summonses, and search warrants; and proceedings with respect to release on bail or otherwise. Evid.R. 101(C). A sexual predator determination hearing is similar to sentencing or probation hearings where it is well settled that the Rules of Evidence do not strictly apply. A determination hearing does not occur until after the offender has been convicted of the underlying offense. Further, the determination hearing is intended to determine the offender's status, not to determine the guilt or innocence of the offender. Accordingly, we hold that the Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings. Thus, reliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge.
Appellant argues "[n]one of the documents admitted into evidence was `reliable hearsay' except for the presentence report." Appellant's Brief at 3. Specifically, appellant complains of victims' statements, copies of psychiatric examinations, treatment notes and prison disciplinary records. The trial court admitted the complained of documents over defense counsel's blanket objection, stating "I'm going to allow the admission of these exhibits with the understanding they go to the weight as opposed to the admissibility. At this point in time we'll admit them for whatever they are worth, with the Court's understanding that they are probably based on hearsay at best." March 2, 2001 T. at 41.
Testifying at the hearing on behalf of the state was the investigating officer. Testifying on behalf of the defense was one of the victims and appellant himself. Appellant had ample opportunity to challenge the complained of victims' statements. Therefore, we find the statements admissible as "reliable hearsay."
As for the psychiatric examinations and treatment notes, these items are within the scope of the presentence investigation report which theCook court found to constitute "reliable hearsay." Cook at 425.
Upon review, we find the trial court did not abuse its discretion in admitting the documents for limited purposes.
Assignment of Error I is denied.
 II
Appellant claims the trial court's classification was inconsistent with the "clear and convincing evidence" standard of R.C. 2950.09(B)(3). We disagree.
In Cook, supra, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. MorrisCo. v. Foley Construction (1978), 54 Ohio St.2d 279 . We find this to be the applicable standard as the Cook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses, including, but not limited to, all sexual offense;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
During the March 2, 2001 classification hearing, the trial court heard testimony of appellant committing various sexual acts over several years with his own daughter and at sometime the daughter's friend. T. at 20-24. At the conclusion of the hearing, the trial court found the following:
 He [appellant] is, in fact, a sexually oriented offender. The victims of this offense were at least two, so that makes it multiple. They were female victims, both of tender ages, to-wit, starting with the daughter at age 12 or 13 and going up to age 15 until he was caught. And the friend age 15. Rather young and gullible and naive.
 The other factor that I find even more compelling that this is an ongoing course of conduct. Wherein, the activities with the daughter covered several years, in fact, took place at least two or three different geographic locations over a period of time. And that the conduct seemed at least to have escalated to actual sexual intercourse.
T. at 72.
The trial court acknowledged that appellant has taken "group and/or other courses offered by the institution to alleviate the problem." T. at 72-73. However, the trial court considered appellant's own testimony and concluded "I have a distinct impression from all that I have heard that, number 1, we don't have any remorse other than embarrassment. Number 2, that society may say this is wrong, but culturally maybe it is not." T. at 73.
In its judgment entry of March 20, 2001, the trial court stated it "has considered all of the factors contained in O.R.C. Section 2950.09(B)(2) as well as all of the evidence and argument presented by the parties," found "these offenses involved multiple victims of tender ages and was part of a continuing course of conduct demonstrating a pattern of abuse" and concluded appellant should be classified as a "sexual predator" as defined in R.C. 2950.01(E). We find no evidence that the trial court shifted the burden of proof to appellant.
Based upon our review of the record, we find the trial court's conclusion is supported by clear and convincing evidence and is not against the manifest weight of the evidence.
Assignment of Error II is denied.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Morrow County, Ohio is affirmed.
Hon. William B. Hoffman, P.J. Hon. Sheila G. Farmer, J. Hon. John W. Wise, J. concur.